UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALEXIS AMENDOLA, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>vs.<br><br>G-STAR RAW ESTORE, INC.,<br><br>   *Defendant*.<br>_____/ | CLASS ACTION<br><br>Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Alexis Amendola ("Plaintiff"), brings this action against Defendant, G-Star Raw eStore, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

## NATURE OF THE ACTION

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3. Defendant national online clothing retailer, specializing in denim products.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the FTSA and the TCPA.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life

---

[1] The amendment to the FTSA became effective on July 1, 2021.

of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the FTSA and the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the FTSA and the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff's claims for violation of the FTSA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

8. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to

other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Delray Beach, Florida.

10. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number 561-***-9921 (the "9921 Number") that received Defendant's telephonic sales calls.

11. Defendant is a Delaware corporation whose principal place of business is located at 666 Broadway, 5th Floor, New York, NY, 100012. Defendant is a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant directs, markets, and provides its business activities throughout United Stated and the State of Florida.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. Beginning in or around March of 2023, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 9921, from Defendant's 70377 number.

14. Defendant's messages did not include any sort of opt-out instructions.

15. On or about July 1, 2023 Plaintiff to responded to Defendant's 70377 number with the word "Stop," in an attempt to opt-out of any further text message communications with Defendant.



16.     Despite Plaintiff's unequivocal opt-out request using standard opt-out language, Defendant ignored Plaintiff's message and continued to bombard Plaintiff with more unwanted telemarketing text messages that same day. These continued, unsolicited text messages prompted Plaintiff to reply "Stop omg" and "STOP" again on July 1, 2023. (as demonstrated above).

17.     Yet again, despite Plaintiff's multiple opt-out requests, Defendant ignored Plaintiff and continued to send her more unwanted telemarketing text messages.



18. Defendant continued to transmit numerous unwanted telemarketing text messages to Plaintiff throughout the month of July 2023 and most of August 2023, prompting Plaintiff to text the word "Stop" once more, on August 29, 2023 (as demonstrated above).

19. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

20. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing.

21. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

22. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

23. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

24. A significant number of the text messages sent by Defendant to Plaintiff were transmitted before 8:00 AM and after 9:00 PM EST – the local time where Plaintiff was located when she received the texts, in violation of 47 C.F.R. § 64.1200(c)(1).

25. Plaintiff received the subject texts while within this judicial district and, therefore, Defendant's violations of the FTSA and TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

26. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

27. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least July 1, 2023 when Plaintiff responded to Defendant with the word "Stop."

28. Plaintiff is the subscriber and sole user of the 9921 Number and is financially responsible for phone service to the 9921 Number.

29. The text messages originated from telephone number 70377, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

30. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

31. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

32. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the FTSA and TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

34. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Florida Internal Do Not Call Class**: All persons within Florida who, from July 1, 2021 to the time class certification is granted, were sent a text message or phone call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.
>
> **National Internal Do Not Call Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages
>
> **Quiet Hours Class**: All persons in the United States who, were sent a telephone solicitation to his or her residential number before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each Class, but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

36. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent and/or after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

38. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[3] Whether Defendant violated Fla. Stat. 501.059;

[4] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059
**(On Behalf of Plaintiff and the Florida Internal Do Not Call Class)**

44. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

45. It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound call, text message, or voicemail transmission:

    (a) Made by or on behalf of the seller whose goods or services are being offered; or

    (b) Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat § 501.059(5)(a), (b).

46. Plaintiff and the Class Members made requests to Defendant not to receive messages from Defendant.

47. Defendant failed to honor Plaintiff and the Florida Internal Do Not Call Class members' requests.

48. Importantly, Defendant continued to make and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members, more than 15 days after Plaintiff and the Class members provided notice to the Defendant to cease such text messages after they expressly texted Defendant to stop, as required by § 501.059(10)(c) of the FTSA.

49. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls.

50. Plaintiff and the Florida Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

## COUNT II

## **VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

51. Plaintiff re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

52. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

53. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

54. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

55. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

56. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

57. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

58. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

59. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

60. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

62. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(c)(2)
### (Individually and on behalf of the Quiet Hours Class)

63. Plaintiff re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

64. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

65. Under 47 C.F.R. § 64.1200(c)(1), "[n]o person or entity shall initiate any telephone solicitation to: [a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

66. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c)(1) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

67. Plaintiff and the Quiet Hours Class members received telephone solicitations from Defendant before the hour of 8 a.m. and/or after 9 p.m. in their local time zones.

68. Because Plaintiff and the Quiet Hours Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

69. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Quiet Hours Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

70. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Quiet Hours Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

71. Plaintiff and the Quiet Hours Class members also suffered damages in the form of invasion of privacy.

72. Plaintiff and the Quiet Hours Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An order declaring that Defendant's actions, set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: November 7, 2023

Respectfully Submitted,

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW P.A.**

Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

*Counsel for Plaintiff and the Class.*