# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO: 9:23-CV-81467-DMM

ALEXIS AMENDOLA, individually and on
behalf of all others similarly situated,

        Plaintiff,

  v.

G-STAR RAW ESTORE, INC.,

        Defendant.

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant G-Star Raw Estore, Inc. ("G-Star"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Plaintiff's Complaint") as follows:

## COMPLAINT ¶ 1:

Plaintiff, Alexis Amendola ("Plaintiff"), brings this action against Defendant, G-Star Raw eStore, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

## ANSWER:

G-Star admits only that Plaintiff's Complaint alleges violations of the TCPA and the FTSA.

G-Star denies the remaining allegations of Paragraph 1 and denies any liability under the TCPA or FTSA.

## NATURE OF THE ACTION

**COMPLAINT ¶ 2:**

This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

**ANSWER:**

G-Star admits only that Plaintiff brings a putative class action that alleges violations of the TCPA and FTSA. G-Star denies the remaining allegations of Paragraph 2 and denies any liability under the TCPA or FTSA.

**COMPLAINT ¶ 3:**

Defendant national online clothing retailer, specializing in denim products.

**ANSWER:**

G-Star admits only that it is an online clothing retailer that sells denim apparel. G-Star denies the remaining allegations of Paragraph 3.

**COMPLAINT ¶ 4:**

To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the FTSA and the TCPA.

**ANSWER:**

G-Star admits only that, to promote its goods and services, it engages in certain lawful telephonic communications with customers or potential customers. G-Star denies the remaining allegations of Paragraph 4 and denies any liability under the TCPA or FTSA.

**COMPLAINT ¶ 5:**

Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

**ANSWER:**

G-Star admits only that Plaintiff brings a putative class action that seeks the relief alleged in Plaintiff's Complaint. G-Star denies the remaining allegations of Paragraph 5 and denies any liability under the TCPA or FTSA.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 6:**

Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the FTSA and the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

**ANSWER:**

Paragraph 6 calls for legal conclusions, to which no answer is required. To the extent a response is required, G-Star denies that any proposed class is tens of thousands or that the amount in controversy for any proposed class exceeds $5,000,000.

**COMPLAINT ¶ 7:**

Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the FTSA and the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff's claims for violation of the FTSA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

**ANSWER:**

Paragraph 7 calls for legal conclusions, to which no answer is required. To the extent a response is required, G-Star denies that it is subject to specific personal jurisdiction in the state of Florida.

**COMPLAINT ¶ 8:**

Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

**ANSWER:**

Paragraph 8 calls for legal conclusions, to which no answer is required. To the extent a response is required, G-Star denies that venue is proper in the United States District Court for the Southern District of Florida.

**PARTIES**

**COMPLAINT ¶ 9:**

Plaintiff is a natural person who, at all times relevant to this action, was a resident of Delray Beach, Florida.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9.

**COMPLAINT ¶ 10:**

Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number 561-***-9921 (the "9921 Number") that received Defendant's telephonic sales calls.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10.

**COMPLAINT ¶ 11:**

Defendant is a Delaware corporation whose principal place of business is located at 666 Broadway, 5th Floor, New York, NY, 100012. Defendant is a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant directs, markets, and provides its business activities throughout United Stated and the State of Florida.

**ANSWER:**

G-Star admits only that it is a Delaware corporation with a location at 666 Broadway, 5th Floor, New York, New York 10012. The remaining allegations of Paragraph 11 call for legal conclusions, to which no answer is required. To the extent a response is required, G-Star denies the remaining allegations of Paragraph 11.

**COMPLAINT ¶ 12:**

Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**ANSWER:**

G-Star denies the allegations contained in Paragraph 12 and expressly denies that Plaintiff has properly named or served any of G-Star's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, or insurers and denies that any of the foregoing is or are a party to this action.

**FACTS**

**COMPLAINT ¶ 13:**

Beginning in or around March of 2023, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 9921, from Defendant's 70377 number.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 as it relates to Plaintiff's receipt of any text messages. G-Star denies the remaining allegations in Paragraph 13.

**COMPLAINT ¶ 14:**

Defendant's messages did not include any sort of opt-out instructions.

**ANSWER:**

G-Star denies the allegations in Paragraph 14.

**COMPLAINT ¶ 15:**

On or about July 1, 2023 Plaintiff responded to Defendant's 70377 number with the word "Stop," in an attempt to opt-out of any further text message communications with Defendant.



**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15.

**COMPLAINT ¶ 16:**

Despite Plaintiff's unequivocal opt-out request using standard opt-out language, Defendant ignored Plaintiff's message and continued to bombard Plaintiff with more unwanted telemarketing text messages that same day. These continued, unsolicited text messages prompted Plaintiff to reply "Stop omg" and "STOP" again on July 1, 2023. (as demonstrated above).

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 regarding Plaintiff's receipt of text messages. G-Star denies the remaining allegations in Paragraph 16.

**COMPLAINT ¶ 17:**

Yet again, despite Plaintiff's multiple opt-out requests, Defendant ignored Plaintiff and continued to send her more unwanted telemarketing text messages.



**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 regarding Plaintiff's receipt of text messages. G-Star denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶ 18:**

Defendant continued to transmit numerous unwanted telemarketing text messages to Plaintiff throughout the month of July 2023 and most of August 2023, prompting Plaintiff to text the word "Stop" once more, on August 29, 2023 (as demonstrated above).

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 regarding Plaintiff's actions or receipt of text messages. G-Star denies the remaining allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19.

**COMPLAINT ¶ 20:**

Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing.

**ANSWER:**

The allegations of Paragraph 20 call for legal conclusions, to which no answer is required. To the extent a response is required, G-Star denies the allegations of Paragraph 20.

**COMPLAINT ¶ 21:**

The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

**ANSWER:**

G-Star admits only that, to promote its goods and services, it engages in certain lawful telephonic communications with customers or potential customers. G-Star denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶ 22:**

Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

**ANSWER:**

G-Star denies the allegations of Paragraph 22.

**COMPLAINT ¶ 23:**

Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d) (2).

**ANSWER:**

G-Star denies the allegations of Paragraph 23.

**COMPLAINT ¶ 24:**

A significant number of the text messages sent by Defendant to Plaintiff were transmitted before 8:00 AM and after 9:00 PM EST — the local time where Plaintiff was located when she received the texts, in violation of 47 C.F.R. § 64.1200(c)(1).

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 related to Plaintiff's receipt of text messages or the time zone in which Plaintiff was in when any text message was received. G-Star denies the remaining allegations of Paragraph 24 and denies any liability under the TCPA.

**COMPLAINT ¶ 25:**

Plaintiff received the subject texts while within this judicial district and, therefore, Defendant's violations of the FTSA and TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 related to its purported sending of text messages within this judicial district. G-Star denies the remaining allegations of Paragraph 25 and denies any liability under the TCPA or FTSA.

**COMPLAINT ¶ 26:**

Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

**ANSWER:**

The allegations of Paragraph 26 call for legal conclusions, to which no answer is required.

To the extent a response is required, G-Star denies the allegations of Paragraph 26.

**COMPLAINT ¶ 27:**

To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least July 1, 2023 when Plaintiff responded to Defendant with the word "Stop."

**ANSWER:**

G-Star denies that it never had express consent from Plaintiff text messages. G-Star lacks

knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

**COMPLAINT ¶ 28:**

Plaintiff is the subscriber and sole user of the 9921 Number and is financially responsible for phone service to the 9921 Number.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of

Paragraph 28.

**COMPLAINT ¶ 29:**

The text messages originated from telephone number 70377, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

**ANSWER:**

G-Star admits only that it has, during certain periods, leased the use of short-code number

70377. G-Star lacks knowledge sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 29.

**COMPLAINT ¶ 30:**

Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

**ANSWER:**

G-Star denies the allegations of Paragraph 30.

**COMPLAINT ¶ 31:**

Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

**ANSWER:**

G-Star denies that Plaintiff sustained any harm due to any conduct of G-Star and denies any liability under the TCPA or FTSA. G-Star lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

**COMPLAINT ¶ 32:**

Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the FTSA and TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.

**ANSWER:**

G-Star denies that Plaintiff sustained any harm due to any conduct of G-Star and denies any liability under the TCPA or FTSA. G-Star lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32.

## CLASS ALLEGATIONS

### PROPOSED CLASS

**COMPLAINT ¶ 33:**

Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

**ANSWER:**

G-Star admits only that Plaintiff brings a putative class action. G-Star denies the remaining

allegations of Paragraph 33 and expressly denies that Plaintiff is an appropriate class representative

and that class certification is appropriate.

**COMPLAINT ¶ 34:**

Plaintiff brings this case on behalf of the following "Classes" defined as follows:

**Florida Internal Do Not Call Class: All persons within Florida who, from July 1, 2021 to the time class certification is granted, were sent a text message or phone call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future text messages.**

**National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future text messages**

**Quiet Hours Class: All persons in the United States who, were sent a telephone solicitation to his or her residential number before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).**

**ANSWER:**

G-Star admits only that Plaintiff brings a putative class action and seeks to certify the

putative class defined in Paragraph 34. G-Star denies the remaining allegations of Paragraph 34

and expressly denies that Plaintiff is an appropriate class representative and that class certification

is appropriate.

**COMPLAINT ¶ 35:**

Defendant and its employees or agents are excluded from the Class. Plaintiff does not know

the number of members in each Class, but believes the Class members number in the several

thousands, if not more.

**ANSWER:**

G-Star admits only that Plaintiff brings a putative class action and seeks to certify the putative class defined in Plaintiff's Complaint. G-Star denies the remaining allegations of Paragraph 35 and expressly denies that Plaintiff is an appropriate class representative and that class certification is appropriate.

**NUMEROSITY**

**COMPLAINT ¶ 36:**

Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent and/or after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER:**

G-Star denies the allegations of Paragraph 36.

**COMPLAINT ¶ 37:**

The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**ANSWER:**

G-Star lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 37. G-Star denies the remaining allegations of Paragraph 37 and expressly denies that Plaintiff is an appropriate class representative and that class certification is appropriate

**COMMON QUESTIONS OF LAW AND FACT**

**COMPLAINT ¶ 38:**

There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1]     Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2]     Whether Defendant violated 47 C.F.R. § 64.1200(d);

[3]     Whether Defendant violated Fla. Stat. 501.059;

[4]     Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5]     Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6]     Whether Defendant has any written policies for maintaining an internal do not call list

[7]     Whether Defendant's conduct was knowing and willful; and

[8]     Whether Defendant is liable for damages, and the amount of such damages.

**ANSWER:**

G-Star denies the allegations of Paragraph 38 and each of its subparts.

**COMPLAINT ¶ 39:**

The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**ANSWER:**

G-Star denies the allegations of Paragraph 39.

**TYPICALITY**

**COMPLAINT ¶ 40:**

Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ANSWER:**

G-Star denies the allegations of Paragraph 40.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

### COMPLAINT ¶ 41:

Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### ANSWER:

The allegations of Paragraph 41 call for legal conclusions, to which no answer is required.

To the extent a response is required, G-Star denies the allegations of Paragraph 41.

### SUPERIORITY

### COMPLAINT ¶ 42:

A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

### ANSWER:

The allegations of Paragraph 42 call for legal conclusions, to which no answer is required.

To the extent a response is required, G-Star denies the allegations of Paragraph 42.

### COMPLAINT ¶ 43:

The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### ANSWER:

The allegations of Paragraph 43 call for legal conclusions, to which no answer is required.

To the extent a response is required, G-Star denies the allegations of Paragraph 43.

**COUNT I**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the Florida Internal Do Not Call Class)**

**COMPLAINT ¶ 44:**

Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

G-Star incorporates by reference its answers to the allegations of Paragraphs 1 through 43,

as if set forth fully herein.

**COMPLAINT ¶ 45:**

It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound call, text message, or voicemail transmission:

      (a)      Made by or on behalf of the seller whose goods or services are being offered; or

      (b)      Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat § 501.059(5)(a), (b).

**ANSWER:**

G-Star admits only that Paragraph 45 states the cited sections of the FTSA. Answering

further, G-Star denies any liability under the FTSA.

**COMPLAINT ¶ 46:**

Plaintiff and the Class Members made requests to Defendant not to receive messages from Defendant.

**ANSWER:**

G-Star denies the allegations of Paragraph 46.

**COMPLAINT ¶ 47:**

Defendant failed to honor Plaintiff and the Florida Internal Do Not Call Class members' requests.

**ANSWER:**

G-Star denies the allegations of Paragraph 47.

**COMPLAINT ¶ 48:**

Importantly, Defendant continued to make and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members, more than 15 days after Plaintiff and the Class members provided notice to the Defendant to cease such text messages after they expressly texted Defendant to stop, as required by § 501.059(10)(c) of the FTSA.

**ANSWER:**

G-Star denies the allegations of Paragraph 48.

**COMPLAINT ¶ 49:**

As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls.

**ANSWER:**

G-Star denies the allegations of Paragraph 49.

**COMPLAINT ¶ 50:**

Plaintiff and the Florida Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

**ANSWER:**

G-Star denies the allegations of Paragraph 50.

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

**COMPLAINT ¶ 51:**

Plaintiff re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

**ANSWER:**

G-Star incorporates by reference its answers to the allegations of Paragraphs 1 through 43, as if set forth fully herein.

18

**COMPLAINT ¶ 52:**

The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star admits only that Paragraph 52 quotes, in part, the cited section of the TCPA.

Answering further, G-Star denies any liability under the TCPA.

**COMPLAINT ¶ 53:**

Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

**ANSWER:**

G-Star denies that Paragraph 53 accurately quotes the implementing regulations of the

TCPA, as cited in Paragraph 53, and further denies any liability under the TCPA.

**COMPLAINT ¶ 54:**

Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

**ANSWER:**

G-Star admits only that Paragraph 54 quotes the stated cited section of the TCPA implementing regulations. Answering further, G-Star denies any liability under the TCPA.

**COMPLAINT ¶ 55:**

Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

**ANSWER:**

G-Star denies the allegations of Paragraph 55.

**COMPLAINT ¶ 56:**

Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

**ANSWER:**

G-Star denies the allegations of Paragraph 56.

**COMPLAINT ¶ 57:**

Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

**ANSWER:**

G-Star denies the allegations of Paragraph 57.

**COMPLAINT ¶ 58:**

Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 58.

**COMPLAINT ¶ 59:**

As a result of Defendant's violations of 47 U. S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 59.

**COMPLAINT ¶ 60:**

As a result of Defendant's violations of 47 U. S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 60 and denies that Plaintiff or any class member

is entitled to any statutory damages or that it engaged in any conduct that was knowing or willful.

**COMPLAINT ¶ 61:**

Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

**ANSWER:**

G-Star denies the allegations of Paragraph 61 and denies that Plaintiff or any class member

suffered any damages.

**COMPLAINT ¶ 62:**

Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 62 and denies that Plaintiff or any class member

is entitled to injunctive relief.

**COUNT III**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the Quiet Hours Class)**

**COMPLAINT ¶ 63:**

Plaintiff re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

**ANSWER:**

G-Star incorporates by reference its answers to the allegations of Paragraphs 1 through 43,

as if set forth fully herein.

**COMPLAINT ¶ 64:**

The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star admits only that Paragraph 64 quotes, in part, the cited section of the TCPA.

Answering further, G-Star denies any liability under the TCPA.

**COMPLAINT ¶ 65:**

Under 47 C.F.R. § 64.1200(c)(1), "[n]o person or entity shall initiate any telephone solicitation to: [a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

**ANSWER:**

G-Star admits only that Paragraph 65 quotes, in part, the cited section of the TCPA

implementing regulations. Answering further, G-Star denies that 47 C.F.R. § 64.1200(c)(1) affords

Plaintiff or any members of the putative class a private right of action and denies any liability under the TCPA.

## COMPLAINT ¶ 66:

Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c)(1) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

## ANSWER:

G-Star admits only that Paragraph 66 quotes the cited section of the TCPA implementing regulations. Answering further, G-Star denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action and denies any liability under the TCPA.

## COMPLAINT ¶ 67:

Plaintiff and the Quiet Hours Class members received telephone solicitations from Defendant before the hour of 8 a.m. and/or after 9 p.m. in their local time zones.

## ANSWER:

G-Star denies the allegations of Paragraph 67 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action.

## COMPLAINT ¶ 68:

Because Plaintiff and the Quiet Hours Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

## ANSWER:

G-Star denies the allegations of Paragraph 68 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action.

**COMPLAINT ¶ 69:**

As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Quiet Hours Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 69 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action. G-Star denies that Plaintiff or any putative class member is entitled to statutory damages.

**COMPLAINT ¶ 70:**

As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Quiet Hours Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 70 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action. G-Star denies that Plaintiff or any putative class member is entitled to statutory damages or that it engaged in any conduct that was knowing or willful.

**COMPLAINT ¶ 71:**

Plaintiff and the Quiet Hours Class members also suffered damages in the form of invasion of privacy.

**ANSWER:**

G-Star denies the allegations of Paragraph 71 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action. G-Star denies that Plaintiff or any putative class member suffered any damages.

**COMPLAINT ¶ 72:**

Plaintiff and the Quiet Hours Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**

G-Star denies the allegations of Paragraph 72 and expressly denies that 47 C.F.R. § 64.1200(c)(1) affords Plaintiff or any members of the putative class a private right of action. G-Star denies that Plaintiff or any putative class member is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)    An award of statutory damages for Plaintiff and each member of the Class;

c)    An order declaring that Defendant's actions, as set out above, violate the FTSA;

d)    An order declaring that Defendant's actions, set out above, violate the TCPA;

e)    An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

f)    Such further and other relief as the Court deems necessary.

**ANSWER:**

G-Star denies the allegations of Plaintiff's prayer for relief and expressly denies that Plaintiff is entitled to any relief whatsoever, including but not limited to statutory damages, injunctive relief, and/or class certification.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

**ANSWER:**

This paragraph, which asserts no allegations, is a jury demand, to which no answer is required. To the extent a response is required, G-Star denies that Plaintiff is entitled to trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

## ANSWER:

This paragraph, which asserts no allegations, is an improperly pleaded preservation demand, to which no answer is required. To the extent a response is required, G-Star denies that it has any obligation greater or different than that required by applicable law, the Federal Rules of Civil Procedure, or orders of this Court.

## AFFIRMATIVE DEFENSES

G-Star denies any and all liability on the claims of Plaintiff and the putative class. Subject to, and without waiver of the denials contained in its answers above, G-Star raises the following affirmative defenses to the claims alleged in Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
**(Prior Express Consent)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that plaintiff or the putative class provided express or implied consent within the meaning of the TCPA and the FTSA.

### SECOND AFFIRMATIVE DEFENSE
**(Due Process)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate G-Star's Due Process rights under the United States Constitution. Statutory penalties violate Due Process rights "where the penalty prescribed is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919). *See also Golan v. Veritas Entm't, LLC*, No. 14-69, 2017 U.S. Dist. LEXIS 144501, at *4-11 (E.D. Mo. Sep. 7, 2017), *aff'd by* 930 F. 3d 950, 962 (8th Cir. 2019)

(reducing statutory damages to comport with due process). The alleged violation at issue causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty, or a discretionary $1,500 per call penalty, is so severe and oppressive as to by wholly disproportional to the alleged offense and is obviously unreasonable.

**THIRD AFFIRMATIVE DEFENSE**
**(Eighth Amendment)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate the excessive fines clause of the Eighth Amendment of the United States Constitution. The aggregated statutory damages, if any, are so disproportional to the alleged violation at issue, so as to be unconstitutionally excessive. *See U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998); *Hudson v. U.S.*, 522 U.S. 93, 103 (1997) (recognizing that Eighth Amendment protections apply to excessive civil fines).

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that Plaintiff has not suffered a concrete and particularized injury-in-fact as required by Article III of the United States Constitution. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

**FIFTH AFFIRMATIVE DEFENSE**
**(Setoff)**

G-Star's liability in this action, if any, should be set off by any recovery Plaintiff obtains from any third-party vendors.

**SIXTH AFFIRMATIVE DEFENSE**
**(Intervening or Superseding Cause)**

Plaintiff's claims, and the claims of the putative class, are barred in whole or part by intervening or superseding causes or the independent actions or omissions of others over whom

G-Star had no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Private Right of Action)

Plaintiff's claims, and the claims of the putative class, are barred in whole or part because the statutory and/or regulatory provisions alleged in Plaintiff's Complaint, including but not limited to 47 C.F.R. § 64.1200(c)(1), afford Plaintiff and the putative class members no private right of action on which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

G-Star has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA or FTSA, and therefore cannot be liable for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C) or Fla. Stat. § 501.059(10).

## NINTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

G-Star cannot be held vicariously liable for the conduct or actions of third parties.

## TENTH AFFIRMATIVE DEFENSE
### (Limitation of Liability)

G-Star's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating between the parties.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Injury)

Plaintiff's claims, and the claims of the putative class, are barred in whole or in part, because Plaintiff and the putative class members did not suffer any injury as a result of the alleged actions by G-Star.

## TWELFTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

Plaintiff's claims, and the claims of the putative class, are bared, in whole or in part, because third party acts—and not those of G-Star—caused or contributed to Plaintiff's and the putative class members' alleged injury.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, by G-Star's good faith, and the absence of negligence, intentional or reckless conduct. To the extent that the TCPA and/or FTSA apply to G-Star's conduct—which G-Star denies—G-Star is not liable because it relied on good faith upon its contracts and a reasonable interpretation of the TCPA's and the FTSA's statutory language.

## FOURTEENTH DEFENSE
### (Text as a Result of Error)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, due to the occurrence of a technical error in the systems and G-Star's policies and procedures to effectively prevent telephone solicitations in violation of the TCPA or the FTSA that are a part of its routine business practices.

## FIFTEENTH DEFENSE
### (Unsuitable for Class Treatment)

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority. If the Court certifies a class action in this case over G-Star's objection, then G-Star asserts the affirmative defenses set forth herein against each and every member of the class(es).

## <u>RESERVATION OF DEFENSES</u>

G-Star reserves the right to add additional defenses that become known during investigation and discovery.

Date: December 29, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ *Kevin M. Young*
Kevin M. Young
kyoung@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Kristine R. Argentine *(pro hac vice motion forthcoming)*
kargentine@seyfarth.com
Bessie Fakhri *(pro hac vice motion forthcoming)*
bfakhri@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60613
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Counsel for Defendant G-Star Raw E-Store, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Kevin M. Young*
Kevin M. Young