UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEXIS AMENDOLA, individually and on behalf of all others similarly situated,

   *Plaintiff*,

vs.

G-STAR RAW ESTORE, INC.,

   *Defendant*.

_____

**CLASS ACTION**

**Case No. 9:23-cv-81467**

**JURY TRIAL DEMANDED**

**JOINT DISCOVERY PLAN**

Plaintiff, Alexis Amendola, and Defendant, G-Star Raw Estore, Inc., through their respective undersigned counsel, and pursuant to the Court's January 18, 2024 Order [D.E. 15], certify that they met and conferred in good faith about all matters required by that Order as follows:

(1) an estimated valuation of the case from the perspective of Plaintiff(s) and Defendant(s);

   a) Plaintiff estimates the value of this case to be at least $5,000,000.00. Discovery is ongoing and Plaintiff's estimation is subject to change.

   b) Defendant denies liability and does not see a realistic possibility of a judgment for Plaintiff or the putative class members.

(2) the date for exchanging initial disclosures pursuant to Rule 26(a)(1);

   a) On or before February 8, 2024.

(3) the subjects on which discovery may be needed;

   a) <u>Plaintiff's Position</u>: Class-wide discovery related to the allegations set for in

      the Complaint and related to any defenses raised by Defendant in response to these allegations.

  b) <u>Defendant's Position</u>: Defendant anticipates conducting discovery regarding Plaintiff's allegations, Defendant's defenses, and Plaintiff's claimed damages.

(4) whether the Parties can agree to limit discovery on particular issues through stipulation;

  a) Plaintiff and Defendant have not yet expressly agreed to limit discovery in this case, however Plaintiff and Defendant remain open and willing to enter into such discovery stipulation(s) if necessary.

(5) what document discovery is needed;

  a) <u>Plaintiff's Position</u>: Class-wide discovery related to the allegations set for in the Complaint and related to any defenses raised by Defendant in response to these allegations.

  b) <u>Defendant's Position</u>: Defendant anticipates conducting document discovery regarding Plaintiff's allegations, Defendant's defenses, and Plaintiff's claimed damages.

(6) whether discovery should be conducted in phases;

  a) <u>Plaintiff's Position</u>: Plaintiff does not believe discovery should be bifurcated or conducted in phases.

  b) <u>Defendant's Position</u>: Defendant believes that merits-based, class-wide discovery should be conducted only if, and after, Plaintiff's class is certified pursuant to Federal Rule of Civil Procedure 23.

(7) whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:

    a) The parties do expect to have disclosure, discovery, or preservation of electronically stored information.

        i. the main information and documents sought;

            1. The electronically stored information Plaintiff seeks in this case includes, but is not limited to, class-wide discovery of inbound and outbound texting logs from Defendant, Defendant's compliance procedures with respect to the FTSA and TCPA, and documentation of consent with respect to Plaintiff and the putative class.

            2. The electronically stored information Defendant seeks in this case includes, but is not limited to Plaintiff's—and, as appropriate, the putative class members'—relevant inbound and outbound texting records with Defendant, including records showing consent to receive text messages.

        ii. the expected costs of e-discovery; and

            1. The parties anticipate that the cost of e-discovery for this matter will not exceed $50,000.

        iii. whether alternatives to e-discovery are possible.

            1. The parties do not foresee any reasonable alternative to e-discovery at this time.

(8) what individuals each side intends to depose;

- a) Plaintiff intends to depose Defendant's corporate representative with the most knowledge regarding the allegations set forth in Plaintiff's Complaint. As discovery is ongoing, Plaintiff reserves the right to depose other individuals if necessary.
- b) At this time, Defendant intends to depose Plaintiff Alexis Amendola. As discovery is ongoing, Defendant reserves the right to depose other individuals if necessary.

(9) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

- a) At this time, the parties do not expect to raise any claims of privilege of protection as trial-preparation materials. The parties reserve the right to raise these claims, if necessary, and will work together to agree on a procedure to assert claims of privilege or of production as trial-materials, as appropriate.

(10) what changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules; and

- a) The parties do not propose any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules at this time. However the parties reserve the right to request such changes if necessary as discovery is ongoing in this case.

(11) whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.

a) The parties will have a mediator selected and conduct mediation within the timeframe imposed by this Court's Order. At this time, the parties do not expect to need an additional early mediation or settlement conference prior to the close of discovery. However, the parties reserve the right to do so.

Respectfully submitted,

Dated: January 25, 2024

| | |
|---|---|
| **Shamis & Gentile, P.A.**<br>/s/ Andrew J. Shamis<br>Andrew J. Shamis, Esq.<br>Florida Bar No. 101754<br>ashamis@shamisgentile.com<br>14 NE 1st Avenue, Suite 705<br>Miami, FL 33132<br>Telephone: 305-479-2299<br><br><br>*Counsel for Plaintiff and the Class* | **SEYFARTH SHAW LLP**<br><br>By: /s/ *Kevin M. Young*<br>Kevin M. Young<br>kyoung@seyfarth.com<br>1075 Peachtree Street, NE, Suite 2500<br>Atlanta, GA 30309<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br><br>Kristine R. Argentine (pro hac vice)<br>kargentine@seyfarth.com<br>Bessie Fakhri (pro hac vice-)<br>bfakhri@seyfarth.com<br>**SEYFARTH SHAW LLP**<br>233 South Wacker Drive, Suite 8000<br>Chicago, IL 60613<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br><br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

/s/ Andrew J. Shamis
Florida Bar No. 101754
Email:efilings@shamisgentile.com
Telephone: 305-479-2299
Facsimile: 786-623-0915

*Counsel for Plaintiff and the Class*
